IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE VANDERHALL,

    Petitioner,

v.                                                       CASE NO. 3:15-cv-209-MCR-GRJ

STATE ATTORNEY FOR ESCAMBIA
COUNTY,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1.) Petitioner challenges his January 2012 conviction in the Circuit Court for Escambia County for possession of cannabis under one ounce, for which he was sentenced to 11 months, 30 days imprisonment in Escambia County Jail. Because Petitioner represented on the face of the Petition that he is not currently incarcerated, the Court directed that he show cause within 30 days as to why the Petition should not be dismissed. The deadline has now passed and Petitioner has not file a response to the Court's show cause order. The Petition, therefore, should be dismissed for lack of available relief.

Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore,* 258 F.3d 1260, 1263 (11th Cir. 2001).

In *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it." *Id*. at 492. (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

In his Petition, Petitioner represents that the sentence imposed in January 2012 was less than a year long and that he was not currently incarcerated at the time he filed the Petition on April 30, 2015. A search of inmates incarcerated at Escambia County Jail also reflects that Petitioner is not currently in custody.[1] Petitioner's "relief sought" includes a trial/hearing on the issues he raises in his petition, service on the State of Florida, ruling on the request for a default hearing based on the state judge's failure to respond to Petitioner in an appropriate period of time and in a proper manner, appointment of counsel, and any other relief deemed just and equitable by this Court. None of the relief sought, however, is an appropriate form of relief in a habeas petition. *See Fay v. Noia*, 372 U.S. 391 (1963)("[F]or the only remedy that can be granted on habeas is some form of discharge from custody.").

The Court directed Petitioner to show cause within thirty days as to why his Petition should not be dismissed because he represented that he was not currently in

---

[1]The Escambia County Jail inmate search is available at http://inmatelookup.myescambia.com/smartwebclient/jail.aspx.

*Case No: 3:15-cv-209-MCR-GRJ*

custody.  (Doc. 4.)  Petitioner's only response to the Order was to file a motion to change his pleading from a petition for a writ of habeas corpus to a direct appeal of the denial of his motion for postconviction relief, of which the Florida Supreme Court denied discretionary review.  (Doc. 5.)  In his motion, Petitioner represented that he had filed a Petition for writ of habeas corpus in error and instead meant to appeal the denial of his motion for postconviction relief.  This Court denied the motion on the basis that it lacks subject-matter jurisdiction to review a final decision of the Florida Supreme Court.  (Doc. 6.)

Petitioner has made no other showing as to why the Petition should not be dismissed.  Therefore, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, should be **DISMISSED** and that a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 15th day of June 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.